[Crim. No. 3561. In Bank.—January 24, 1933.]

THE PEOPLE, Respondent, v. ALFRED HARRISON, Appellant.

J. Harvey Hearn for Appellant.

U. S. Webb, Attorney-General, for Respondent.

THOMPSON, J.—The defendant was charged with the crime of murder committed in Los Angeles County. He was tried, found guilty and sentenced to suffer the penalty of death. This appeal is from the judgment and from an order denying his motion for a new trial.

The case was on the calendar and called for oral argument on June 7, 1932, at which time counsel waived oral argument, and was granted thirty days within which to file appellant's opening brief. No brief has been filed.

Section 1253 of the Penal Code reads as follows: "The judgment may be affirmed if the appellant fail to appear, but can be reversed only after argument, though the respondent fail to appear." In spite of the section and the failure of appellant to throw any light upon his claims of error, and on account of our solicitude for one condemned to pay the extreme penalty, we have read the record in its entirety. It appears therefrom that Clarence Edward Harrison, who was no kin of the appellant, was found dead with a bullet hole in his head at the gasoline service station in Los Angeles where he was employed,

on the morning of September 25, 1931, shortly after he had visited a lunch-room across the street. There is also in evidence the fact that shortly before the deceased was killed the appellant and another man, the latter being in possession of an automatic pistol, were out on the street in an automobile. Shortly after, the appellant, in a greatly excited frame of mind, appeared at a friend's room in possession of the pistol and stated that he had "just bumped off a fellow". The bullet was removed from the brain during the post-mortem examination and examined by a ballistic expert, who testified that it was fired by the pistol formerly seen in appellant's hands, which was identified, and of which the police had secured possession. The appellant fled the jurisdiction. Subsequently he was apprehended and made a free and voluntary confession which, without any doubt whatever, establishes that he was guilty of the crime charged. ■ It will thus be seen that the evidence amply justifies the verdict of the jury.

Judgment and order affirmed.

Shenk, J., Seawell, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.